IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:25-CV-52-FL

| | |
|---|---|
| SHARDASIA MARQUETTA HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| JULIAN PHILLIPS, et al., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. Plaintiff has not demonstrated appropriate evidence of inability to pay the required court costs, and the complaint fails to state a federal claim. Accordingly, it is recommended that the *in forma pauperis* application be denied and the complaint be dismissed.

I. **Application to Proceed *In Forma Pauperis***

A litigant may commence an action in federal court *in forma pauperis* ("IFP") by filing an affidavit in good faith containing a statement of assets and demonstrating they cannot afford to pay the required fees of the lawsuit. *See* 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them "to proceed without having to advance the fees and costs associated with litigation." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). However, "proceeding [IFP] in a civil case is a privilege or favor granted by the government." *White v. Barnhart*, Nos. 1:02-CV-556, 1:02-CV-557, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002) (citations omitted). In ruling on an IFP application, the court must

exercise discretion in determining whether to grant or deny the application. *Id.* In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Supreme Court first set forth the standard for the determination of *in forma pauperis*: "[w]e think an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted). In exercising its discretion, the court is to be mindful that the ability to pay does not require that a plaintiff prove that he is "absolutely destitute." *Id.*

Based on the information provided regarding current financial status, Plaintiff has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive her of the "necessities of life." *Adkins*, 355 U.S. at 339. Plaintiff indicated that at the time she filed this case she had income from employment, as well as $4,200.00 per month in unemployment payments, and $2,035.00 in monthly expenses. [DE-2] at 1, 3–6. Thus, Plaintiff's financial disclosures indicate she has sufficient disposable income to pay the filing fee in this case, and she has failed to demonstrate she is one of the "truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. N. A. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Accordingly, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to tender to the clerk the filing and administrative fees of $405.00 should the complaint be allowed to proceed.

## II.    Frivolity Review

Even if the application to proceed *in forma pauperis* is allowed, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted,

2

Case 2:25-cv-00052-FL    Document 5    Filed 12/18/25    Page 2 of 10

or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district

3

courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff was employed by the Northampton County Local Government as an Assistant Human Resources Director from December 15, 2022 until she was terminated on March 26, 2025 for "Unacceptable Personal Conduct" related to her handling of an anonymous complaint she received. [DE-1] at 7–8; [DE-1-1] at 10. Plaintiff alleges discriminatory conduct of termination, failure to promote, retaliation, and "prolong my appeal process so deadlines wasn't met [sic]," but provides no basis for the discrimination, i.e., race, color, gender/sex, religion, national origin, age, or disability. [DE-1] at 9. Plaintiff alleges she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 26, 2025 (although the charge itself is dated July 2, 2025) and that she received a Notice of Right to Sue letter on July 11, 2025. [DE-1] at 23; [DE-1-1] at 10–13. Plaintiff filed the instant complaint on October 14, 2025, against individual members of the Northampton County Board of Commissioners, the County Manager, the Senior Human Resource Director, the Building and Grounds Director, and the Finance Director. [DE-1].

Plaintiff has not alleged a federal claim over which the court has jurisdiction. In the form complaint, under Basis for Jurisdiction, Plaintiff did not check the boxes for Title VII, the Age Discrimination in Employment Act, or the Americans with Disabilities Act. [DE-1] at 6. Instead, she marked Other federal law, Relevant state law, and Relevant city or county law, and wrote "See attached termination noticed paragraph # 1." *Id.* The Termination Notice in paragraph # 1 references Article VIII, Section 5, Paragraph C (3) of the Northampton County Personnel Policy that Plaintiff was terminated for allegedly violating. *Id.* at 7–8. It is not apparent from the complaint what federal law Plaintiff claims her termination violated. And, although Plaintiff alleges in her EEOC charge that she was retaliated against in violation of Title VII, she fails to

4

allege a discriminatory basis for the alleged violation, individuals are not liable under Title VII, and she did not timely file her complaint.

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discimin[ating] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C.A § 2000e-2(a). However, the statute does not provide for individual liability, and accordingly, as an initial matter, Plaintiff's claims against all individual defendants should be dismissed. *See Williams-Grogans v. DeJoy*, No. 5:22-CV-189-FL, 2022 WL 10208561, at *2 (E.D.N.C. Aug. 23, 2022) ("Title VII authorize[s] remedies against employers, not individuals.") (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (concluding Title VII forecloses individual liability) (additional citation omitted)), *report and recommendation adopted*, 2022 WL 10146076 (E.D.N.C. Oct. 17, 2022).

Title VII also makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a); *Hooven-Lewis v. Caldera*, 249 F.3d 259 259, 272 (4th Cir. 2001). "A Title VII retaliation claim requires that a plaintiff allege that she '[1] engaged in protected activity, [2] that [her] employer took an adverse employment action against [her], and that [3] there was a causal link between those events.'" *Neil v. Warren Cnty. Sch.*, No. 5:20-CV-595-FL, 2022 WL 4467671, at *4 (E.D.N.C. Sept. 26, 2022) (quoting *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018)). "Title VII protects not only complaints about 'employment actions actually unlawful under Title VII but also employment actions [the plaintiff] reasonably believes to be unlawful.'" *Id.* (quoting

5

*Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir. 2015)). Notably, a plaintiff's filing of an EEOC charge can constitute protected activity under 42 U.S.C. § 2000e-3(a). *Gray v. Walmart Stores, Inc.*, No. 7:10-CV-171-BR, 2011 WL 1831780, at *7 (E.D.N.C. May 12, 2011) (citing *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 656 (4th Cir. 1998)). Here, although Plaintiff suffered the adverse employment action of termination, there are no allegations that would support a causal link between engaging in protected activity, *e.g.*, complaining about discrimination or filing an EEOC complaint, and the termination of her employment. Accordingly, Plaintiff has failed to state a Title VII relation claim.

Even if Plaintiff has alleged sufficient facts to state a claim under Title VII against her employer, she failed to timely file the instant complaint. Before filing a suit for employment discrimination under Title VII, a plaintiff is required to exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *See Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) (citing 42 U.S.C. § 2000e-5(b), (f)). Any complaint must be filed in federal court within ninety days of receiving a notice of right to sue letter from the EEOC. *Lassiter v. N.C. Cmty. Health Ctr. Ass'n*, 367 F. Supp. 3d 435, 438 (E.D.N.C. 2019) (citing 42 U.S.C. § 2000e-5(f)(1)); *Ivery v. N.C. Assoc. of Educators, Inc.*, No. 2:22-CV-43-M, 2023 WL 6780342, at *3 (E.D.N.C. July 21, 2023) (citing *Bannister v. Wal-Mart Stores E., L.P.*, 843 F. Supp. 2d 610, 616 (E.D.N.C. 2012)), *report and recommendation adopted*, 2023 WL 5828593 (E.D.N.C. Sep. 8, 2023); *Wilson v. Daly Seven, Inc.*, No. 5:15-CV-610-FL, 2018 WL 1800853, at *3 (E.D.N.C. Apr. 16, 2018), *aff'd*, 740 F. App'x 286 (4th Cir. 2018). A claim is time barred if not filed within the statutory time limit. *See Wilson*, 2018 WL 1800853, at *3 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)); *Ivery*, 2023 WL 6780342, at *4 (citing *Brown v. Sears Holding Mgmt.*

6

*Corp.*, No. 4:14-CV-33-D, 2015 WL 8207454, at *2 (E.D.N.C. Dec. 7, 2015); *Bannister*, 843 F. Supp. 2d at 617).

In *Fort Bend County v. Davis*, the Supreme Court held that while the administrative exhaustion requirement in Title VII cases is not jurisdictional and thus may be waived, it is mandatory and can still serve as grounds for dismissal when timely raised by a defendant. 587 U.S. 541, 551–53 (2019). However, the fact that exhaustion is an affirmative defense that can be waived or forfeited if not timely raised does not prevent the court from raising it *sua sponte* in a case such as this one, where a litigant seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Persichetti v. UPS*, No. 7:20-CV-209-BO, 2020 WL 8092423, at *2 (E.D.N.C. Dec. 8, 2020) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense.")), *report and recommendation adopted*, 2021 WL 76958 (E.D.N.C. Jan. 8, 2021).

Plaintiff alleges that she received the Notice of Right to Sue letter on July 11, 2025. [DE-1] at 23. Plaintiff filed her complaint in this court on Tuesday, October 14, 2025, which is ninety-five days after she received the notice. The Fourth Circuit has held that a filing made even one day outside the ninety-day period is time barred and may result in dismissal absent reasonable grounds for equitable tolling. *See Harvey v. New Bern Police Dep't*, 813 F.2d 652, 653–54 (4th Cir. 1987). Plaintiff did not file her complaint within ninety days from the date she received notice of her right to sue and has provided no grounds for equitable tolling; thus, her Title VII claim is time-barred. *See Watkins v. Sec'y of Veterans Affs.*, No. 5:24-CV-35-M, 2024 WL 1327370, at *3 (E.D.N.C. Feb. 16, 2024) (recommending dismissal of Title VII claim as time barred where complaint was filed 91 days after the plaintiff received the notice of right to sue letter), *report and*

*recommendation adopted*, 2024 WL 1309190 (E.D.N.C. Mar. 27, 2024); *Ndiaye v. Austin*, No. 5:20-CV-00486-BO, 2021 WL 2096063, at *3 (E.D.N.C. Apr. 13, 2021) (finding complaint filed ninety-one days after receipt of right to sue letter was time barred), *report and recommendation adopted*, 2021 WL 2080198 (E.D.N.C. May 24, 2021). Accordingly, it is recommended that the Title VII claim be dismissed.

Plaintiff also alleges what could be liberally construed as a procedural due process claim, based on her allegation that the appeals process was prolonged so deadlines were not met. [DE-1] at 9. In a letter Plaintiff wrote to the Northampton County Commissioners as part of the post-termination grievance process, she stated that "[t]he posting of new positions during an active appeal process raises questions about the county's commitment to a fair resolution and may have impacted my ability to be reinstated" and that "[t]he extended time line of this process has created additional hardship, as I have remained unemployed while following the county's required procedures." *Id.* at 20. To state a procedural due process claim, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009). "Procedural due process provides merely 'a guarantee of fair procedures—typically notice and an opportunity to be heard.'" *Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 323 (4th Cir. 2009) (quoting *Mora v. City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008)). Plaintiff has failed to sufficiently allege that the procedures afforded to her were constitutionally inadequate. Plaintiff's allegation that the appeals process was prolonged causing missed deadlines is too generalized and conclusory to satisfy the pleading requirements of Fed. R. Civ. P. 8(a), *Iqbal*, and *Twombly*. Furthermore, the attachments to the complaint provided by Plaintiff indicate that she was provided notice and an

opportunity to be heard both prior to her termination and during the appeals process. [DE-1] at 19, 21–22. Accordingly, Plaintiff has failed to state a procedural due process claim.

Finally, to the extent Plaintiff attempts to assert state law claims related to her termination, there is no basis for the court to exercise its diversity jurisdiction. An action lies within the federal district court's diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Plaintiff's complaint alleges she and all defendants are citizens of North Carolina. [DE-1] at 1–5. Accordingly, any state law claims should be dismissed for lack of jurisdiction.

### III.  Conclusion

For the reasons stated herein, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that the complaint be dismissed for failure to state a claim.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **January 5, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district

9

judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted the 18 day of December, 2025.

Robert B. Jones, Jr
United States Magistrate Judge

10
Case 2:25-cv-00052-FL    Document 5    Filed 12/18/25    Page 10 of 10